Sirumani A. **GABRIEL**, Plaintiff,

v.

Michael **FERNANDO**, et al. Defendants.

Civ. A. No. 86–0281.

United States District Court,
District of Columbia.

Sept. 1, 1988.

J.E. Wingfield, Washington, D.C., for plaintiff.

Paul W. Hammack, Jr., Fairfax, Va., for Fernando.

A.J. Kingsley Fernandez, Nager Coil, India, pro se.

## MEMORANDUM ORDER

FLANNERY, District Judge.

The court has before it two motions arising from the trial of this case, in which the plaintiff, Sirumani A. Gabriel, asserted breach of contract and fraudulent misrepresentation claims against two defendants. Jurisdiction over these claims, which were tried under District of Columbia law, was based on the parties' diverse citizenship.

A jury returned a verdict in favor of the plaintiff against one of the defendants, A.J. Kingsley Fernandez, on a claim of fraudulent misrepresentation. Fernandez was neither present nor represented at trial, despite a number of continuances granted by the court at his request. The jury found in favor of the other defendant, Michael Fernando, who attended the trial and was represented by counsel. The plaintiff has moved for entry of judgment on the jury's verdict against A.J. Kingsley Fernandez, with the addition of certain sums that the jury was unable to quantify on its verdict form, and for a new trial of the claims against Michael Fernando; this order addresses these issues in turn.

### A. *Entry of Judgment*

The jury in this case was given a special verdict form, which asked for a finding on liability as to each defendant and separate determination of punitive and compensatory damages. As returned by the jury fore-

man on June 29, 1988, the form clearly indicated a finding for the plaintiff against Fernandez, and an award of $10,000 in punitive damages. The foreman put an asterisk on the line for compensatory damages, referring the court to a calculation at the bottom of the second page of the form. This calculation indicates a finding of $32,-500 in compensatory damages, "plus interest lost on 30,000 from money market (Riggs), [,] plus attorney's fees."

The amount of "interest lost" refers to income from $30,000 that the plaintiff gave to Fernandez on the basis of the fraudulent misrepresentation found by the jury; this is based on testimony at trial that the money turned over to Fernandez had been in an interest-bearing account at the Riggs Bank in Washington, D.C. The award of attorney's fees is based on an instruction by the court that if the jury should "find that the plaintiff is entitled to an award of punitive damages, in determining the amount of your award you may consider ... any attorney's fees that the plaintiff has incurred in this case." This instruction tracked the law on punitive damages in the District of Columbia, which permits the jury to consider costs of litigation, including attorney's fees, when calculating punitive damages. *See Robinson v. Sarisky*, 535 A.2d 901, 907 (D.C.1988); *Town Center Management Corp. v. Chavez*, 373 A.2d 238, 246 (D.C. 1977).

At a bench conference following receipt of this form, the court stated that the plaintiff should submit proof by affidavit of the amounts described in the jury's award, and the court then excused the jury. The next day, the plaintiff submitted proof by affidavit of $6,341 in lost interest and $13,032 in attorney's fees, and by this submission moved the court to add these amounts to the verdict in accordance with the jury's attempt to add to its verdict by way of describing, rather than calculating, these two amounts.

At the outset, the court notes that its discretion to add to a jury verdict is severely limited, because it is well-settled that the common law practice of additur violates a defendant's rights to a jury trial. U.S.

Const., amend. 7; *Dimick v. Schiedt*, 293 U.S. 474, 485–87, 55 S.Ct. 296, 300–01, 79 L.Ed. 603 (1935); *see also Hibma v. Odegaard*, 769 F.2d 1147, 1154 (7th Cir.1985) ("[u]nder federal law, a court generally may not increase a jury's determination of damages by additur."). The addition of the interest and fees in this case, of course, arguably would not fit the Supreme Court's description of additur as "a bald addition of something which in no sense can be said to be included in the verdict," *Dimick*, 293 U.S. at 486, 55 S.Ct. at 301; moreover, courts have hinted in dicta (albeit in cases not tried to a jury) that where, as here, the amount of damage to be added to a verdict is not disputed, the court may have some discretion to add to the verdict. *E.g. Davis v. United States*, 716 F.2d 418, 430 (7th Cir.1983).

The court need not decide, however, whether an addition of the sums proven by affidavit would violate the constitutional proscription against additur. The jury erred, as a matter of District of Columbia law, in assuming that it could base part of its award on the indeterminate amounts that are described on the verdict form, and the court therefore cannot follow the jury's instruction to add these amounts.

With respect to the lost interest, the plaintiff bore the burden of adducing concrete, admissible evidence at trial of the amount of interest lost from the Riggs account. No such evidence was presented, and neither the jury nor the plaintiff can remedy this defect by delegating a post-trial determination of the proper amount to the judge. The jury cannot ask the court to supplement the record with evidence that should have been given to them at trial by way of appropriate exhibits and testimony introduced by plaintiff's counsel.

The court also is precluded from awarding the attorney's fees incurred by the plaintiff, because the jury's verdict, in this limited respect, flouts the court's specific instructions on the law in this jurisdiction. Plaintiff's attorney's fees properly may be considered by the jury in choosing an appropriate award of punitive damages, not

in setting compensatory damages, *Robinson*, 535 A.2d at 907; *Town Center Management*, 373 A.2d at 246, and this is the rule reflected in the court's instructions. Yet on the verdict form, the jury awarded an unqualified amount ($10,000) in punitive damages, without reference to fees, but tried to include the attorney's fees as part of its compensatory award. Because the jury was only permitted to consider fees with respect to an assessment of punitive damages, and may well have done so in arriving at the $10,000 figure, the court cannot countenance the jury's requested addition of attorney's fees as part of compensatory damages.

The court therefore will direct the Clerk to enter judgment against Fernandez in the amount of $42,500, which reflects the sum of the compensatory and punitive damages calculated by the jury based on the evidence produced at trial.

*B. New Trial*

 Gabriel also has moved for a new trial of her claims against Michael Fernando, asserting that the evidence was not sufficient to support a verdict in his favor, and that the court erred in restricting the scope of Fernando's cross-examination by plaintiff's counsel. This error, plaintiff contends, denied her an adequate opportunity to impeach Fernando and thereby prejudiced her case.

Michael Fernando testified at length during the course of trial, and his exculpatory testimony, by itself, was sufficient to support a jury verdict in his favor. The outcome of this trial necessarily depended on the credibility of the witnesses for the respective parties, and this credibility determination was indisputably within the jury's province. The jury was free to accept Fernando's testimony, and to reject that of the plaintiff and her several witnesses to the extent that it contradicted the explanation Fernando offered.

That determination was not prejudiced by the court's refusal to permit Gabriel's counsel to cross-examine Fernando with respect to 1985 bank records. At the time of trial, counsel was unable to per-

suade the court of the relevance of these records to Fernando's credibility, and has provided no further argument on this issue in the Motion for New Trial. Moreover, the court is satisfied that whatever remote bearing these records might have had on Fernando's credibility, permitting use of these documents on cross examination would have been needlessly confusing and time-consuming. *See* Fed.R.Evid. 403, 611(b). Plaintiff's counsel had ample opportunity to cross-examine Fernando, and this minor restriction on the scope of that cross-examination was well within the court's discretion.

For the reasons set forth herein, it is by the court this 31st day of August, 1988

ORDERED that the plaintiff's Motion for New Trial is denied; and it is further

ORDERED that the Clerk is directed to enter judgment for forty two thousand, five hundred dollars ($42,500) in favor of Plaintiff Sirumani Gabriel against Defendant A.J. Kingsley Fernandez.